IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Patricia A. Reese, | ) | C/A No.: 3:11-2990-CMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| U.S. Bank National Association, U.S. Residential Finance Trust Mortgage Loan Asset-Backed Certificate Series 2006-BC1, and Wilmington Finance, a division of AIG Federal Savings Bank, | ) ) ) ) ) | |
| | ) | |
| Respondents, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Patricia A. Mack, et al., | ) | |
| | ) | |
| The Injured Party, | ) | |
| vs. | ) | |
| | ) | |
| Wilshire Financial Group, Bank of America, NA, and MERS, | ) ) | |
| | ) | |
| Named as Joinder Persons. | ) ) | |

After foreclosure of her home in Columbia, South Carolina, Patricia A. Reese (formerly Patricia A. Mack) ("Plaintiff") filed this action in state court seeking to void or set aside the judgment of foreclosure. The action was removed to federal court on November 2, 2011 and comes before the court on the following motions: (1) Plaintiff's motion to remand filed December 21, 2011 [Entry #34]; (2) the motion to dismiss [Entry #11] filed on November 4, 2011 by AIG Federal Savings Bank, f/k/a Wilmington Finance, a division of AIG Federal Savings Bank ("AIG FSB"); and (3) the motion to

1

dismiss [Entry #29] filed on November 23, 2011 by Bank of America, N.A. ("BANA"), as a named party and as successor by merger to Wilshire Credit Corporation (named as Wilshire Financial Group), Mortgage Electronic Registration Systems, Inc. ("MERS"), and U.S. Bank National Association, as Trustee for the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificate Series 2006-BC1 ("U.S. Bank"). The motions to dismiss Plaintiff's complaint are filed pursuant to Fed. R. Civ. P. 12(b)(6). The three motions having been fully briefed, they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Because the motions are dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court deny the motion to remand and grant the motions to dismiss.

I.  Factual and Procedural Background

In her complaint, Plaintiff attacks the validity of the foreclosure judgment in Case No. 2010-CP-40-1572 in the Richland County Court of Common Pleas. Plaintiff argues that the foreclosure proceeding brought by U.S. Bank was invalid because MERS lacked authority to assign the mortgage to U.S. Bank. A review of the record reveals that the U.S. Bank had standing to initiate foreclosure proceedings against Plaintiff.

On August 26, 2005, AIG FSB loaned Plaintiff $235,450 (the "Loan"). [Entry #1-1 at 10-13]. The Loan was memorialized by a promissory note (*id.*) and secured by a mortgage [Entry #1-1 at 14-29] encumbering Plaintiff's residential property located at

6444 Bridgewood Road, Columbia, South Carolina (the "Property"). The Mortgage provides that MERS is "a nominee for Lender," *i.e.*, AIG FSB. [Entry #1-1 at 14, 16]. The Mortgage further provides that Plaintiff "does hereby mortgage, grant and convey" Plaintiff's Property "to MERS . . . and to the successors and assigns of MERS." [*Id.* at p. 3]. The Mortgage also sets forth Plaintiff's understanding that "MERS holds . . . legal title to the interests granted by [Plaintiff] in this Security Instrument" and "has the right to: exercise any or all of those interests, including, but not limited to, the right to . . . take any action required of Lender . . . ." *Id.* Therefore, MERS, as AIG FSB's nominee and the mortgagee under Plaintiff's Mortgage, had the authority to assign the Mortgage to U.S. Bank through a mortgage assignment (the "Assignment") dated March 19, 2010, and recorded on April 2, 2010, in the ROD in Book R1597, page 118. [Entry #1-1 at 90].

Thereafter, Plaintiff defaulted on the Loan and U.S. Bank filed the foreclosure action. [Entry #1-1 at 93]. On June 17, 2010, the Richland County Master in Equity granted judgment in favor of U.S. Bank. *Id.* On September 1, 2010, U.S. Bank purchased the Property at the foreclosure sale and obtained title pursuant to a foreclosure deed (the "Foreclosure Deed") dated October 7, 2010, and recorded on October 18, 2010, in the Register of Deeds in Book R1639, page 352. *Id.* Over a year after the foreclosure sale, Plaintiff filed this separate action on September 29, 2011, to set aside the Foreclosure Deed.

III. Discussion

    A. Motion to Remand

Plaintiff filed a motion to remand, arguing that this court lacks jurisdiction over this case. This case was removed to federal court pursuant to 28 U.S.C. § 1332(a)(1) on the basis of diversity jurisdiction. In the Notice of Removal and Joinder in and Consent to Removal [Entry #1], defendants allege that (1) Plaintiff is a citizen and resident of Richland County, South Carolina; (2) defendants are all citizens and residents of states other than South Carolina (to wit, AIG FSB is a citizen of Delaware, BANA is a citizen of North Carolina, U.S. Bank is a citizen of Ohio, and MERS is a citizen of Virginia [Entry #1 at ¶¶ 4-8; #13 at 3-4]); and (3) the amount in controversy remains in excess of $75,000. Plaintiff fails to state any facts or arguments to contradict defendants' assertion that complete diversity exists among the parties or that the amount in controversy is insufficient. *See, e.g.*, *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198 (4th Cir. 2008) (28 U.S.C. § 1447(c) "effectively assigns to the parties the responsibility of policing non-jurisdictional questions regarding the propriety of removal, permitting them to assert a procedural defect or to waive the defect if they choose to remain in the federal forum"); *Lunsford v. Cemex, Inc.*, 733 F. Supp. 2d 652, 658-59 (M.D.N.C. 2010) (when diversity and amount in controversy requirements are met and procedural defects are waived, federal jurisdiction exists). Therefore, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

Plaintiff's argument that the removal was untimely is without merit. In compliance with 28 U.S.C. § 1446, defendants timely removed the action on November

2, 2011, within thirty days of the filing of the summons and complaint on October 5, 2011.

Plaintiff's remaining arguments concerning the limitation of this court's jurisdiction are similarly without merit. Plaintiff asserts that this court is "of limited jurisdiction [and] did not issue the subject order and judgment being attacked," that it "lacks jurisdiction to vacate or otherwise set aside the Master's ruling," and that it lacks jurisdiction to "over-rule, over-turn, vacate or otherwise set aside a judgment or order which issued out of state." [Entry #34 at ¶¶ 3, 4]. Because these arguments are irrelevant to the requirements of diversity jurisdiction in 28 U.S.C. § 1332, they provide no ground on which to remand the lawsuit.

For the foregoing reasons, the undersigned recommends denying the motion to remand.

B.  Motions to Dismiss

Defendants move for dismissal of Plaintiff's complaint on the grounds that (1) that Plaintiff's claims are compulsory counterclaims that she waived by failing to assert in the foreclosure action; (2) that Plaintiff lacks standing to challenge the validity of the Assignment because she was neither a party to, nor a third-party beneficiary of, the Assignment; (3) MERS had the capacity to assign Plaintiff's mortgage as a matter of law; and (4) AIG FSB had no interest in the Loan or the Mortgage after March 19, 2010, and had no role in the foreclosure.

To the extent that Plaintiff has failed in her response to the motions to dismiss to respond to any of the arguments made by defendants, she has conceded them. *See e.g.,*

*Sumpter v. United States*, No. 5:06-cv-01004-RBH, 2007 WL 776113, at *1 (D.S.C. Mar. 9, 2007) ("The plaintiff failed to respond to the partial motion to dismiss in this case, which is sufficient grounds on which to grant the motion."). Further, the court's merits review of the arguments supports dismissal of the complaint.

First, Plaintiff is barred from bringing this claim because any challenge to the foreclosure judgment either should have been brought as compulsory counterclaims in that prior action or were previously litigated and, therefore, barred by the doctrines of res judicata and/or collateral estoppel. The doctrine of collateral estoppel precludes relitigation of issues that are identical to issues actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate. *McHan v. Comm'r*, 558 F.3d 326, 331 (4th Cir. 2009). Res judicata precludes the assertion of a claim that has already been "litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." *Ohio Valley Envtl. Coalition v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting 18 James Wm. Moore et al., Moore's Federal Practice § 131.10(1)(a) (3d ed. 2008)).

Second, Plaintiff lacks standing to contest the Assignment of the Mortgage. Plaintiff is only a party to the Mortgage and, because the Assignment is a separate contract to which Plaintiff is not a party, she cannot question its validity. *R.J. Griffin & Co. v. Beach Club II Homeowners Ass'n*, 384 F.3d 157, 164 (4th Cir. 2004) ("Generally, a third person not in privity of contract with the contracting parties has no right to enforce

a contract," applying South Carolina law). Further, Plaintiff's challenge to the Assignment is futile, as the Fourth Circuit in *Horvath v. Bank of New York*, 641 F.3d 617 (4th Cir. 2011), recently rejected a plaintiff's claim that only the original lender had the power to foreclose on a property, not the assignee of MERS. The Fourth Circuit held that it was "difficult to see how [plaintiff]'s argument could possibly be correct," noting language in the Note and Security Instrument that allows transfer of the powers therein— the same language which appears in Plaintiff's Note and Mortgage. The court held that "it seems difficult to debate that [the foreclosing entity] had the authority to enforce the note by appointing a substitute trustee and foreclosing on the property." *Id.* at 622.

Finally, Plaintiff's complaint does not allege any wrongdoing by AIG FSB or participation by AIG FSB in the foreclosure. Plaintiff cannot recover the relief she seeks from AIG FSB due to the fact that it did not have an interest in the loan after March 19, 2010.

IV. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district court grant defendants' motions to dismiss [#11 and #29] and deny the motion to remand [#34].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 30, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).