IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Patricia A. Reese, | C/A NO. 3:11-cv-2990-CMC-SVH |
| Petitioner, | |
| | **OPINION and ORDER** |
| v. | |
| U.S. Bank National Association, U.S. Residential Finance Trust Mortgage Loan Asset-Backed Certificate Series 2006-BC1, and Wilmington Finance, a division of AIG Federal Savings Bank, | |
| Respondents, | |
| Patricia A. Mack, et al, | |
| The Injured Party,[1] | |
| v. | |
| Wilshire Financial Group; Bank of America, NA; and MERS, | |
| Named as Joinder Persons. | |

Through this action, Plaintiff Patricia A. Reese ("Reese") challenges events relating to a state-court foreclosure proceeding on her home as well as the resulting state-court judgment. The challenged judgment was entered on June 17, 2010, and led to (1) sale of Reese's home on September 1, 2010, (2) issuance of a foreclosure deed on October 7, 2010, and (3) recording of that

---

[1] The caption on the complaint might be read to name Patricia A. Mack as an additional Defendant. The body of the complaint, however, makes clear that "Patricia A. Mack" is a name formerly used by Plaintiff. Dkt. No. 1-1 at 4.

1

deed on October 18, 2010. *See* Dkt. No. 43 at 3 (Report's recitation of factual background).

Plaintiff filed the present action as a separate state-court action on September 29, 2011, more than a year after issuance of the challenged judgment. One Defendant removed the matter to this court on November 2, 2011. Dkt. No. 1. Two days later, the same Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 29. The remaining Defendants filed a joint consent to removal on November 4, 2011, and a joint motion to dismiss on November 23, 2011. Dkt. Nos. 13, 29. Plaintiff filed her motion to remand roughly one month later, on December 21, 2011.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). Magistrate Judge Hodges issued a Report on April 30, 2012, recommending that the motion to remand be denied and the motions to dismiss be granted. An attachment to the Report advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. The deadline for filing objections was May 17, 2012. No party filed any objection by that date or prior to issuance of this order.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error either in the Report's recommendations or underlying rationale. The court, therefore, adopts both.

With respect to the motion to remand, the court writes further to emphasize that the matter removed was not a post-judgment motion filed *in the challenged foreclosure action*, for example a motion under Rule 60 of the South Carolina Rules of Civil Procedure. Such a motion likely could not have been removed for a variety of reasons as at least one Defendant appears to acknowledge. *See* Dkt. No. 39 at 6, n.2 (noting in response to motion to remand that "Plaintiff could have filed a Motion for Relief from Judgment pursuant to Rule 60(b) in the foreclosure action, but subjected herself to the jurisdiction of this Court by failing to do so."). Plaintiff's decision to file a *separate* legal action, however, requires the court to consider only whether the requirements of 28 U.S.C. § 1332 are satisfied as to the present action. They are for the reasons set forth in the Report.[2]

---

[2] The motion to remand was filed more than thirty days after removal which precludes Plaintiff from seeking remand based on any procedural defect. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]"). The court, therefore, considers only whether it has subject matter jurisdiction, a matter which the court must independently review even in the absence of a motion to remand. *Id.* ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Plyler v.*

3

## CONCLUSION

For the reasons set forth above, the court adopts the rationale and recommendations of the Report, denies Plaintiff's motion to remand, and grants Defendants' motions to dismiss. Dismissal is with prejudice as to any independent claim relating to the foreclosure proceedings.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 30, 2012

---

*Moore*, 129 F.3d 728, 731 n.6 (4th Cir. 1997) ("questions concerning subject-matter jurisdiction may be raised at any time by either party or sua sponte by [the] court"). In this case, Defendants did not rest on mere boilerplate claims that diversity was satisfied. Instead, each provided the factual and legal basis for their claims of citizenship in a state other than South Carolina (the state of Plaintiff's citizenship). Plaintiff has not offered any substantive challenge to Defendants' assertions of citizenship or to the adequacy of the amount in controversy.

4